```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

DARREN LUCAS,                    )
                                 )
          Plaintiff,             )
                                 ) C.A. No. 03-12422-REK
     v.                          )
U-MASS DARTMOUTH, SOCIAL         )
SECURITY ADMINISTRATION, and     )
TOWN OF NEW BEDFORD,             )
          Defendants.            )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint is dismissed.

## BACKGROUND

On November 19, 2003, plaintiff Darren Lucas, a resident of New Bedford, Massachusetts, filed an application to proceed without prepayment of the filing fee and a complaint against the University of Massachusetts-Dartmouth, the Social Security Administration, and the Town of Bedford.

The complaint, which is difficult to comprehend and contains profane language,[1] appears to involve Lucas' Social Security disability benefits, alleged thefts and burglary of his apartment and bank account, and a purported on-going

---

[1] Plaintiff is advised that future submissions of documents containing profane language could subject him to sanctions under Rule 11. See Fed. R. Civ. P. 11 (frivolous or malicious filings); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) (an action is malicious if it threatens violence or contains disrespectful references to the court); Hill v. Gates 940 F. Supp. 108, 112 (M.D. Pa. 1996) (enjoining plaintiff for repeated obscene and profane filings).

conspiracy to commit murder amongst the defendants.

Complaint, p. 1-3.

## ANALYSIS

I. <u>The Court May Screen This Action</u>

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915.. <u>See</u> 28 U.S.C. § 1915. A district court may dismiss a complaint filed <u>in forma pauperis</u> "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).[2]

    A.   Absent Exhaustion of Administrative
         Remedies, This Court Lacks Jurisdiction
         <u>Over Any Appeal of SSA Benefit Decisions</u>

To the extent that the complaint may be read as

---

[2] The Court will not address, at this time, other possible bases of dismissal, such as lack of factual merit. A claim lacks factual merit if clearly baseless factual allegations describe fantastic or delusional scenarios. <u>See</u> <u>Neitzke</u>, 490 U.S. at 327-28. Fantastic or delusional scenarios involve alleged facts that are irrational or wholly incredible. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

challenging any purported denial of Social Security benefits,[3] see Complaint p. 1 ("When confronted at [the] Social Security Administration Office I was I told I need[ed] a payee to collect I refused."), this Court lacks jurisdiction over plaintiff's claims.  Federal courts lack jurisdiction to review decisions on claims arising under the Social Security Act ("SSA") unless a "final decision" has been rendered.  See 42 U.S.C. §§ 405(g),[4] (h);[5] Shalala v. Illinois Council on Long

---

[3] Lucas refers to Mass. Gen. Law ch. 175A, § 5 in his complaint.  That section involves the Commonwealth's regulation of casualty and motor vehicle insurance rates and thus appears to be inapplicable.  See Mass. Gen. Laws ch. 175A, § 5.

[4] Section 405(g) provides, in relevant part, that:

> Any individual, <u>after any final decision</u> of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added).

[5] Section 405(h) provides that:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any</u>

Term Care, Inc., 529 U.S. 1, 10 (2000); Weinberger v. Salfi, 422 U.S. 749, 764 (1975).  Under the SSA, the Secretary, or his delegate, the Commissioner, must establish by regulation what constitutes a "final decision."  See 42 U.S.C. § 405(a); Weinberger, 422 U.S. at 766 (1975) (term 'final decision' is not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation).  Pursuant to Social Security Administration regulations, a decision is "final" when the administrative appellate process (a request for reconsideration, a hearing before an administrative judge, and review by the Appeals Council) has been exhausted.  See 20 C.F.R. §§ 416.1400-1499 (administrative review of SSI determinations).

The jurisdictional bar of Section 405(h) has been broadly interpreted to apply to a party's claim regardless of whether the individual challenges the SSA's action on evidentiary, rule-related, statutory, constitutional, or other legal grounds.  See Illinois Council, 529 U.S. at 13-14 (bar includes claims for money, other benefits, program eligibility, and claims that contest a sanction or remedy);

---

> officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added).

4

accord <u>Corliss v. Barnhart</u>, 225 F. Supp. 2d 104, 108-109 (D. Mass. 2002) (§ 405(h) channels virtually all legal attacks through the agency before judicial review may occur).

Plaintiff does not allege that a "final" decision concerning his SSI benefits has been rendered by the Social Security Administration or that he has exhausted his administrative remedies. <u>See</u> Complaint. Thus, to the extent that plaintiff seeks judicial review of any decision of the Social Security Administration concerning his benefits, this Court lacks jurisdiction over his claims. <u>See</u> <u>Illinois Council</u>, 529 U.S. at 13-14.[6]

    B.    Private Citizens Lack a Judicially Cognizable Interest in the Prosecution <u>or Non-prosecution of Another Person</u>

To the extent that plaintiff's complaint could be construed as

---

[6] To the extent that plaintiff's complaint may be construed as an attempt to state a claim for damages stemming from any denial of Social Security benefits, such relief is unavailable as a matter of law. In <u>Schweiker v. Chilicky</u>, 487 U.S. 412 (1988), the Supreme Court held that because the SSA created a complex administrative scheme for the redress of constitutional violations and made no provision for money damages against officials for the alleged wrongful denial of benefits, the Court would not recognize a <u>Bivens</u> action for damages under the SSA. <u>Id.</u> at 424-429; <u>see</u> <u>also</u> <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971) (recognizing a limited right of an aggrieved party to maintain a cause of action for money damages under the Constitution for injuries suffered because of a Constitutional violation by a federal officer).

an attempt to state a cause of action against the town of New Bedford or U-Mass Dartmouth based on a purported right to have an alleged crime investigated, it is also subject to dismissal because private citizens lack a judicially cognizable interest in the prosecution or non-prosecution of another.  See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990) (same).[7]

## CONCLUSION

ACCORDINGLY, this action is dismissed without prejudice as lacking any legal merit under 28 U.S.C. § 1915(e)(2) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this 26th day of February, 2004.

```
                              s/ Robert E. Keeton
                              ROBERT E. KEETON
                              UNITED STATES SENIOR DISTRICT JUDGE
```

---

[7]Moreover, plaintiff has failed to allege the existence of any unconstitutional custom or policy of the town.  Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 279 (1977) (although municipalities are "persons" for purposes of § 1983, liability against these political subdivisions also may not arise vicariously); Monell v. Department of Soc. Servs., 436 U.S. 658, 691-92 (1978) (municipalities are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as a policy or custom); accord Polk County v. Dodson, 454 U.S. 312, 325 (1981).